**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LARA JEANETTE M.,

                    Plaintiff,

      v.                                        5:24-cv-01365 (AMN/PJE)

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **HILLER COMERFORD**<br>**INJURY & DISABILITY LAW**<br>6000 North Bailey Avenue – Suite 1a<br>Amherst, New York 14226<br>*Attorneys for Plaintiff* | **JUSTIN M. GOLDSTEIN, ESQ.**<br>**MARY ELLEN GILL, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of the General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>*Attorneys for Defendant* | **GEOFFREY M. PETERS, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.      INTRODUCTION**

On November 12, 2024, Plaintiff Lara Jeanette M.[1] commenced this action pursuant to

42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social

Security ("Commissioner") denying her application for supplemental security income benefits

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

under the Social Security Act.  Dkt. No. 1.  Plaintiff sought and received leave to proceed *in forma pauperis*.  Dkt. Nos. 3, 7.

This matter was referred to the United States Magistrate Judge Paul J. Evangelista, who, on February 25, 2026, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 13, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 17 ("Report-Recommendation").  Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 17-18.[2]  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Evangelista concluded that the Administrative Law Judge ("ALJ") did not err in her assessment of the supportability of the medical opinion of Plaintiff's primary physician, Dr. Tarala.  *See* Dkt. No. 17 at 12-15.  Magistrate Judge Evangelista explained that the ALJ noted the limitations identified by Dr. Tarala, but concluded that Dr. Tarala's medical opinion was unpersuasive because "it is not supported by the majority of objective medical findings of record and is not consistent with State agency findings or internal consultative examination[.]"  *Id.* at 12-13 (citing Dkt. No. 9 at 28).  Specifically, Magistrate Judge Evangelista found that, while the record contains many of Dr. Tarala's treatment records documenting Plaintiff's reports of pain and physical limitations, Dr. Tarala's medical opinion does not cite to any evidence or provide any explanation regarding how Dr. Tarala reached his conclusions with respect to Plaintiff's limitations.  *Id.* at 13 (citing, *inter alia*, Dkt. No. 9 at 28, 856-58).  Magistrate Judge Evangelista also noted that the ALJ explained that Plaintiff's allegations regarding the severity of her symptoms are inconsistent with the objective medical evidence of record because "records from 2022 indicated that Plaintiff experienced mostly mild to moderate symptoms from her impairments, which were effectively managed with conservative treatment, in 2023, [Plaintiff's] symptoms and impairments continued to be effectively managed, and records from 2024 indicate

that [Plaintiff] continued to experience mostly mild to moderate symptoms from her impairments, which continued to be effectively managed with conservative treatment." *Id.* (citing Dkt. No. 9 at 25-26) (internal quotation marks and alterations omitted). Thus, Magistrate Judge Evangelista concluded that "'[P]laintiff's argument amounts to a disagreement with how the ALJ weighed the evidence, which is within the ALJ's province to do,'" and "constitutes a 'post-hoc rationalization that cannot serve as a substitute' for the support [that] Dr. Tarala failed to articulate in his opinion." *Id.* at 14-15 (quoting *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 23-cv-652, 2024 WL 4217371, at *11 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted*, 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024); *Wagner v. Comm'r of Soc. Sec.*, 435 F. Supp. 3d 509, 516 (W.D.N.Y. 2020)) (brackets omitted). Accordingly, Magistrate Judge Evangelista concluded that the ALJ's determination is supported by substantial evidence. *Id.* at 13.

Additionally, Magistrate Judge Evangelista concluded that the ALJ did not err in her assessment of the consistency of Dr. Tarala's medical opinion regarding the September 2023 nerve conduction examination. *Id.* at 15-17. Specifically, Magistrate Judge Evangelista found that Plaintiff conflates the supportability and consistency factors, explaining that the ALJ did not reject Plaintiff's fibromyalgia diagnosis or conclude that Plaintiff did not receive fibromyalgia treatment from Dr. Tarala. *Id.* at 16-17 (citing, *inter alia*, *Rosario v. Comm'r of Soc. Sec*, No. 20-cv-7749, 2022 WL 819810, at *8 (S.D.N.Y. Mar. 18, 2022) (noting that supportability focuses on "the fit between the medical opinion offered by the source and the underlying evidence presented by that source to support his or her opinion," while consistency "focuse[s] on how well a medical source opinion is supported, or not supported, by the entire record" (internal quotation marks, citations, and alterations omitted))). Rather, Magistrate Judge Evangelista found that the ALJ rejected Dr. Tarala's opinion because the severity of Plaintiff's limitations as listed in Dr. Tarala's medical

source statement were inconsistent with the results of the nerve conduction examination Plaintiff underwent and the limitations described by the nerve conduction examiner. *Id.* (citing Dkt. No. 9 at 28, 854-56).

Accordingly, having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2026
         Albany, New York

Anne M. Nardacci
U.S. District Judge